# United States District Court
## For The District of Wyoming

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
2015 MAR 2 AM 9 29
STEPHAN HARRIS, CLERK
CHEYENNE

UNITED STATES OF AMERICA,

vs.

**JOSEPH JOVON DAWSON**

JUDGMENT IN A CRIMINAL CASE

CASE NUMBER: 14-CR-174-1F

Dion J. Custis
Defendant's Attorney

THE DEFENDANT having pled <u>guilty to Count 2 of the Indictment</u> filed in this matter and Count 1 having been dismissed upon Motion of the United States.

**ACCORDINGLY**, the court has adjudicated that the defendant is guilty of the following offense:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number |
|---|---|---|---|
| 18 U.S.C. 2423(a) | Transporting a Minor for Illegal Sexual Activity | 06/19/2014 | 2 |

The defendant is sentenced as provided in pages 2 through 8 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within thirty (30) days of any change of residence or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

**Defendant's USM No: 13873-091**

March 2, 2015
Date of Imposition of Sentence

*/s/ Nancy Freudenthal*
Nancy D. Freudenthal,
Chief United States District Judge

March 2, 2015
Date

DEFENDANT: Joseph Jovon Dawson                                  Judgment-Page <u>2 of 8</u>
CASE NUMBER: 14-CR-174-1F

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of one hundred twenty (120) months as to Count 2 in this matter.

The Court makes the following recommendations to the Bureau of Prisons: that the defendant be placed at the Bureau of Prisons' facility in Englewood, Colorado so that he is close to his family for visitation purposes.

The defendant is remanded to the custody of the United States Marshal Service.

## RETURN

I have executed this Judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____ at _____
_____, with a certified copy of this Judgment.

                                                                     United States Marshal

                              By: _____
                                              Deputy Marshal

DEFENDANT: Joseph Jovon Dawson                               Judgment-Page 3 of 8
CASE NUMBER: 14-CR-174-1F

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of five (5) years as to Count 2 in this matter.

The defendant shall report to the probation office in the district to which the Defendant is released within seventy-two (72) hours of release from the custody of the Bureau of Prisons.

While on supervised release, the defendant shall not commit another federal, state or local crime.

While on supervised release, the defendant shall not illegally possess a controlled substance. Revocation of supervised release is mandatory for possession of a controlled substance. The defendant shall submit to one (1) drug test within fifteen (15) days of release from imprisonment and at least two (2) periodic drug tests thereafter, as directed by the U.S. Probation Officer.

Pursuant to Public Law 108-405, Revised DNA Collection Requirements Under the Justice for All Act of 2004, the defendant shall submit to DNA collection while incarcerated in the Bureau of Prisons, or at the direction of the U.S. Probation Office.

While on supervised release, the defendant shall not use or possess a firearm, ammunition, dangerous weapons or destructive device. Supervised release shall be revoked for possession of a firearm.

The defendant shall make special assessment, fine and restitution payments as ordered by the Court and is required to notify the Court, through the Probation Office, of any material change in the defendant's economic circumstances that might affect the defendant's ability to meet these monetary obligations.

The defendant shall comply with the standard conditions that have been adopted by this Court (set forth on the following page). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

The U.S. Probation Officer will provide state officials with any and all information required by the state sex offender registration agency and may direct the defendant to report to that agency personally for additional processing, such as photographing and fingerprinting.

The defendant shall not access the Internet with any device unless such device has filtering software installed that has been approved by the U.S. Probation Officer. The defendant shall not make any attempt to conceal or erase the names of sites visited and shall configure any computer he uses to retain history for at least thirty (30) days.

DEFENDANT: Joseph Jovon Dawson                                                    Judgment-Page 4 of 8
CASE NUMBER: 14-CR-174-1F

---

The defendant shall not possess, send or receive any pornographic, sexually oriented, or sexually stimulating visual, auditory, telephonic or electronic signals or sounds from any source, unless part of a treatment regimen. He shall not visit bulletin boards, chat rooms or other Internet sites where any pornographic, sexually oriented or sexually stimulating images or messages are discussed. He shall not send or receive e-mail or other documents discussing any pornographic, sexually oriented, or sexually stimulating images or messages.

The defendant shall complete a sexual offender evaluation and if found to require sexual offender treatment, he shall participate in and successfully complete sex offender treatment, in a program approved by the U.S. Probation Officer, and abide by the rules, requirements and conditions of the treatment program. The defendant shall not discontinue treatment without the permission of the U.S. Probation Officer.

The defendant shall not associate with children under the age of eighteen (18), or mentally or physically vulnerable adults, except in the presence of a responsible adult who is aware of the nature of the defendant's background and current offense and who has been approved by the U.S. Probation Officer.

The defendant shall register with the State Sex Offender Registration Agency in any state where the defendant resides, is employed, carries on a vocation, or is a student, as directed by the U.S. Probation Officer.

The court orders, as an explicit condition of supervised release for the defendant, who is a felon and required to register under the Sex Offender Registration and Notification Act, that he submit his person, and any property, house, storage facility, residence, vehicle, papers, computer, other electronic communications or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the person, and by any probation officer in the lawful discharge of the officer's supervision functions.

As a component of the defendant's treatment and testing program, the defendant shall pay a one-time fee of Seven Hundred Fifty Dollars ($750.00) to partially defray the costs of treatment and/or drug testing. Monetary payments made by the defendant shall be applied to this fee only after all other court-ordered monetary obligations have been fulfilled. Payment of the fee shall be made by money order or cashier's check to the Clerk of District Court, 2120 Capitol Avenue, Room 2131, Cheyenne, WY 82001, utilizing the payment coupon provided by the U.S. Probation Office. ***This co-pay is waived in the event the defendant is supervised by a district other than Wyoming.***

The defendant shall participate in a cognitive-behavioral treatment regimen that may include, but is not limited to, Moral Reconation Therapy, Cognitive Thinking, Thinking for a Change, or Interactive Journaling. He shall actively participate in treatment until successfully discharged or until the U.S.

DEFENDANT: Joseph Jovon Dawson  
CASE NUMBER: 14-CR-174-1F

Judgment-Page 5 of 8

Probation Officer has excused the defendant from the treatment regimen.

The defendant shall forfeit the One Thousand Dollars ($1,000.00) cash that was taken from the defendant at the time of his arrest.

DEFENDANT: Joseph Jovon Dawson                                        Judgment-Page 6 of 8
CASE NUMBER: 14-CR-174-1F

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the Court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the Court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

6) the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: Joseph Jovon Dawson                                   Judgment-Page 7 of 8
CASE NUMBER: 14-CR-174-1F

## FINANCIAL PENALTIES

The defendant shall pay the following total financial penalties in accordance with the schedule of payments set out below.

| Count | Assessment | Restitution | Fine |
|---|---|---|---|
| 2 | $100.00 | $0.00 | $0.00 |
| **Totals:** | $100.00 | $0.00 | $0.00 |

## FINE AND/OR RESTITUTION

The fine and/or restitution includes any costs of incarceration and/or supervision. The fine, which is due immediately, is inclusive of all penalties and interest, if applicable.

The defendant shall pay interest on any fine and/or restitution of more than Two Thousand Five Hundred Dollars ($2,500.00), unless the fine and/or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the below payment options are subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

DEFENDANT: Joseph Jovon Dawson  Judgment-Page 8 of 8
CASE NUMBER: 14-CR-174-1F

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

The total fine and other monetary penalties shall be due as follows:

> In full immediately. The defendant shall participate in the Inmate Financial Responsibility Program to pay his monetary obligations. While incarcerated, the defendant shall make payments of at least Twenty-five Dollars ($25.00) per quarter. Any monetary obligation not paid immediately or through the Inmate Financial Responsibility Program shall be paid beginning sixty (60) days following release from confinement, in monthly installments of not less than Twenty-five Dollars ($25.00) or 10% of his monthly gross income whichever is greater. All monetary obligations shall be satisfied no less than sixty (60) days prior to the expiration of the term of supervised release.
>
> Payments for monetary obligations shall be made payable by cashier's check or money order to the Clerk, U.S. District Court, 2120 Capitol Avenue, Room 2131, Cheyenne, WY 82001, and shall reference the defendant's case number, 14-CR-174-1F.

All financial penalty payments are to be made to the Clerks Office, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program.