

**FILED**

2:05 pm, 3/18/21

**Margaret Botkins
Clerk of Court**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

---

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

JOSEPH JOVON DAWSON,

        Defendant.

Case No.  14-CR-0174

---

ORDER DENYING MOTION TO REDUCE SUPERVISED RELEASE TERM
PURSUANT TO 18 U.S.C. § 3583(e)(1)

---

This matter comes before the Court on motion by Defendant Joseph Jovon Dawson to terminate his term of supervised release pursuant to 18 U.S.C. § 3583(e) and Federal Rules of Criminal Procedure 32.1(c).  No hearing has been requested.

On July 24, 2014, Defendant was indicted for two counts: (1) sex trafficking of a child in violation of 18 U.S.C. §§ 1591(a) & (b)(2) and (2) transporting a minor for illegal sexual activity in violation of 18 U.S.C. § 2423(a).  CM/ECF Document ("Doc.") 1. Pursuant to a plea agreement, on October 20, 2014, Defendant changed his plea to guilty to Count 2, transporting a minor for illegal sexual activity in violation of 18 U.S.C. § 2423(a).  Doc. 27.  On March 2, 2015, Defendant was sentenced to 120 months in custody followed by a 5-year term of supervised release and a $100 special assessment. Doc. 40. Count 1 was dismissed on motion by the government. *Id.*

Supervision commenced on July 23, 2019, and is set to expire on July 22, 2024.  As noted in the judgment, the Court ordered mandatory, special, and standard conditions of supervision.  Defendant has been on supervised release for more than 12 months, which makes him statutorily eligible for early termination, pursuant to 18 U.S.C. § 3583(e)(1).  However, in evaluating suitability for early termination, the Court considers the following criteria that have been approved by the Judicial Conference Committee on Criminal Law:

- The person does not meet the criteria of a career drug offender or career criminal (as described in 28 U.S.C. § 994(h) or has not committed a sex offense or engaged in terrorism;

- The person presents no identified risk of harm to the public or victims;

- The person is free from any court-reported violations over a 12-month period;

- The person demonstrates the ability to lawfully self-manage beyond the period of supervision;

- The person is in substantial compliance with all conditions of supervision; and

- The person engages in appropriate prosocial activities and receives sufficient prosocial support to remain lawful well beyond the period of supervision.

Defendant has one misdemeanor conviction and four petty offenses in his history.  In considering the above criteria, the defendant meets most of the criteria except for his instant conviction for a sex offense.  The Probation Officer reports that Defendant scores as a Low Moderate on the PCRA, which places him in a category where persons under supervision have a 6% arrest rate and a 2% revocation rate.

When considering motions for early termination of supervised release, the Guide to Judiciary Policy states that there is presumption in favor of recommending early

termination for a person on supervised release who has been on supervision after 18 months and does not meet the criteria of a career drug offender or career criminal (as described in 28 U.S.C. §944(h)) or has not committed a sex offense or engaged in terrorism.  Due to the instant offense being a sex offense, the defendant does not meet the requirements set by the Guide to Judiciary Policy for early termination.  Also, according to 18 U.S.C. § 3564(c) and 3583(e)(1), the Court is permitted to terminate supervision after set periods of time if the Court is satisfied that such action is warranted by the conduct of an offender and is in the interest of justice.

Defendant's motion points out that he is "not the typical sex offender."  Defendant has no prior sex offenses and was terminated rather quickly from sex offender treatment due to his low risk.  Defendant also claims that his conduct in the instant offense was out of character for him and done at "a low state in [his] life." Doc. 50.  He also continues his claim that he did not know the victim was underage.  Defendant discusses his positive progress on supervision, including taking over the operating control of his mother's business, renewing his relationship with his wife, and not incurring any new charges.  Further, Defendant states he is current on his child support obligations and paid his special assessment.  In further support of his motion, Defendant attaches three "character reference" letters.  The letters are very positive as to Defendant's integrity, growth, responsibility, maturity, kindness and generosity.  He is characterized as a good brother, friend, husband and father who is a success in his family and community.

The Court acknowledges and commends Defendant for his good adjustment and progress during supervision.  However, the Court considers Defendant's request to be

3

premature given the nature and circumstances of his offense conduct.  Without regard to whether Defendant knew the age of his victim, or the ages of the two other prostitutes associated with the offense conduct, Defendant was engaged in human trafficking which is a very serious offense.  Considering the factors set out in 18 U.S.C. § 3553(a), the Court denies Defendant's motion as he has not even completed half of the mandatory minimum term of supervised release that was ordered by the Court.  Defendant may resubmit his request once he has completed at least half the term ordered, assuming his positive progress is ongoing.

For all the foregoing reasons, Defendant's motion for early termination of his supervised release (Doc. 50) is DENIED.

Dated this  18th  day of March, 2021.

NANCY D. FREUDENTHAL
UNITED STATES DISTRICT JUDGE

4