FILED

9:13 am, 2/17/22

**Margaret Botkins
Clerk of Court**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOSEPH JOVON DAWSON,<br><br>Defendant. | Case No. 14-CR-0174 |

### ORDER GRANTING DEFENDANT'S SECOND MOTION
### FOR EARLY TERMINATION OF SUPERVISION

This matter is before the Court on Defendant Joseph Jovon Dawson's second motion to terminate supervised release pursuant to 18 U.S.C. § 3583(e)(1). CM/ECF Document (Doc.) 53. By Order entered March 18, 2021, this Court denied Mr. Dawson's first request to end his term of supervision. Doc. 51. While commending Mr. Dawson on his good adjustment and progress during supervision, the Court denied Mr. Dawson's motion given the seriousness of the offense conduct and the fact that he had not yet successfully completed half of the mandatory minimum term of supervised release. *Id*. The Court invited Mr. Dawson to resubmit his request once he completed at least half the term ordered, and assuming his positive progress is ongoing. *Id*.

The first Order summarized the procedural history of the case, the criteria for consideration of Mr. Dawson's motion, and Mr. Dawson's progress on supervision at that

time.  Consequently, the Court will not repeat that summary.  By his second motion, Mr. Dawson reports he has added several new employees to meet the greater demand for his services notwithstanding the pandemic, and he has established a positive relationship with his daughter.  Sadly, though, he also reports that his son was involved in a serious auto accident, which has been devastating.  Mr. Dawson also requests consideration of the extra time he served his custodial prison sentence, compared to what he would face today under the recent rules implementing time credits for programming.

While acknowledging Mr. Dawson's positive efforts while on supervision, his probation officer recommends against early termination because Mr. Dawson is a convicted sex offender and still considered to be someone who presents a risk of harm to the public.  The Court respects and acknowledges this consideration, but disagrees with the perspective that the underlying offense conduct alone is disqualifying at this time.  This is particularly true given that Mr. Dawson has demonstrated the ability to lawfully self-manage, has been in compliance with all conditions of supervision, has completed more than half of the mandatory minimum term of supervised release, and must comply with sex offender registration requirements.

Therefore, in considering all information presented, the Court is satisfied that Mr. Dawson has fully benefited from his term of supervision such that he is in no need of further supervision and GRANTS Mr. Dawson's Second Motion, thereby terminating his term of supervision as of the date of this Order.

It is SO ORDERED.

Dated this 17th day of February, 2022.

_____
NANCY D. FREUDENTHAL
UNITED STATES DISTRICT JUDGE